GERALD J. MCMAHON
ATTORNEY AT LAW

www.geraldjmcmahon.com
gm@geraldjmcmahon.com

11 BURNHAM COURT
SCOTCH PLAINS, NJ 07076
(908) 347-4670

375 GREENWICH STREET
NEW YORK, NY 10013
(212) 965-4259

November 13, 2023

By ECF

The Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Anthony Romanello, et al.
22 Cr. 194 (EK)

Dear Judge Komitee:

I write on behalf of defendant Anthony Romanello in opposition to the government's letter brief, dated November 10, 2023 (ECF No. 88), concerning reputation evidence and expert testimony.

Reputation Evidence

The government seeks to present evidence at trial that Mr. Romanello had a reputation for being connected to organized crime. In support of that request, they cite three cases: *United States v. Gigante*, 729 F.2d 78, 83 (2d Cir. 1984); *United States v. Fazio*, 770 F.3d 160, 165 (2d Cir. 2014); and *United States v. Mulder*, 273 F.3d 91, 103 (2d Cir. 2001). Because the three cited cases are inapposite, the government's request should be rejected.

*Gigante*, *Fazio* and *Mulder* all involve allegations of extortion, racketeering and/or Hobbs Act violations – prosecutions where the reputation of the defendant was admissible because the victim's state of mind was an element of the offense. In this case, defendant is charged with extortionate collection of credit and, in such a prosecution, it is the conduct and state of mind of the defendant, not the victim's individual state of mind, to which the thrust of the statute is directed. *United States v. Natale*, 526 F.2d 1160, 1168 (2d Cir. 1975), cert. denied, 425 U.S. 950 (1976). Mr. Romanello's reputation is not relevant to Mr. Romanello's state of mind. It is, therefore, not admissible as reputation evidence. *United States v. Zimmitti*, 850 F.2d 869, 873 (2d Cir. 1988); *United States v. Sears*, 544 F.2d 585, 587 (2d Cir. 1976).

GERALD J. MCMAHON

The Honorable Eric R. Komitee
United States District Judge
November 13, 2023
Page Two

Expert Testimony

      The government claims that Agent Carillo should be allowed to testify as an expert that "it is typical for these illegal gambling organizations to have ties to organized crime in order to enforce their debts." Letter of Prosecutors to Court, November 10, 2023, (ECF No. 88), at 3. Notably, that fact is not contained anywhere in the three page expert disclosure the government provided for Carillo. Only after the issue of enforcement of a gambling debt has become the focus of oral argument does the government now belatedly claim that it's typical for gambling organizations affilliated with organized crime to have enforcers. Too convenient. Too little. Too late.

Very truly yours,

Gerald J. McMahon

GJM:dlg
cc: All Counsel
    (By ECF)