# THE LAW OFFICE OF GERARD M. MARRONE

66-85 73rd Place, Second Floor         718.261.1711
Middle Village, New York 11379         347.813.4985-F

November 13, 2023

The Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:         United States v. Joseph Celso- 22 Cr. 194 (EK)

                    Defendant's Continued Opposition to the Government's Admission
                    of Bad Reputation Evidence

Dear Judge Komitee:

As the Court is aware the undersigned attorney represented the defendant Joseph Celso in the above captioned matter. Council writes this letter in further opposition to the government's November 10, 2023 letter proffering the use of the defendant's bad reputation at trial.

Generally, the government submits that a defendant's reputation in the community is relevant and admissible at trial pursuant to United States v. Gigante 729 F. 2d 78,83 (2nd Circuit 1984). In Gigante, "evidence that the debtor believed the loan shark was connected to organize crime was admissible to show the debtor's belief that the loan shark would use, or had a reputation for using, extortionate means to collect extensions of credit." The government relies on Federal Rules of Evidence 405 (a) which provides that whenever character or a trait thereof is provable, as it is in extortion cases evidence may be offered in the form of opinion or reputation testimony.

The defendant objects to the use of this reputation testimony by witnesses at trial and relies on Federal Rules of Evidence 403. As per Rule 403 the court may exclude relevant evidence, in this case reputation evidence, if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. In the case of Mr. Celso any evidence admissible against the defendant that he has a bad reputation is highly prejudicial and unfair in allowing the defendant a fair trial. In addition, this evidence is misleading to the jury

because it will taint the jury's opinion and leave the jury to believe that the defendant is a bad person. This information will cause the jury to potentially convict the defendant not necessarily on the facts of the matter but merely because of an alleged bad reputation. Moreover, not only is this reputation evidence extremely unfair and prejudicial to the defendant the government is also asking the court to prohibit the defense from even cross examining the witness on the facts of the defendant's reputation. This puts the defendant in an impossible situation, unable to even rehabilitate himself on cross examination.

More specifically, with concern to Mr. Celso, neither of the alleged victims in this trial Bruno and/or Tony upon information and belief have ever met the defendant. (Note the gov. contends that the defendant is depicted in a video at Bruno's restaurant), in that case it would be quite impossible for either victim/witness to give a reputation/opinion on someone they have never met. Any reputation evidence is just pure gossip and unreliable. Furthermore, counsel contends that the court should hold a witness who is also a "victim" in a case to a higher standard because that witnesses' testimony may very well be skewed and prejudiced to conviction because they are in fact a "victim" and have suffered an alleged wrong at the hands of a defendant. A lay witness with no axe to grind or interest in the result of a trial may be more reliable than a witness who also is a victim and may very well hold resentment and anger towards a defendant.

The government does not profer as to the specifics of the defendant's bad reputation whether or not, for example the defendant is a gambler in the community, an extortionist in the community, or has alleged connections to criminals. The Court is reminded that the defendant has no criminal record.

Also, the court should carefully note that the fact pattern in this case is one of a gambling conspiracy or enterprise and not extortion. So, the court in that case must carefully examine what the government intends their witness(es) to specifically say because this potentially can also further mislead the jury.

For all of these reasons counsel asked the court to prohibit admissibility of any reputation or opinion evidence at Mr. Celso's trial. In the alternative at the very least, the court should add a specific jury instruction explaining to the jury how unreliable reputation evidence is or allow the defendant to rebut this evidence with evidence of his good and moral character. Defendant throughout his years has done many charitable events and he has helped countless people in his years as a business owner in the community. It is quite unfair to label this defendant as a bad person from the mouth of a witness who potentially has tremendous animosity and hatred for the defendant without the jury getting a clear picture of the good reputation this defendant most certainly has.

Most Respectfully Submitted;
/s/ *Gerard Marrone*
Gerard M. Marrone, Esquire