DR/IC/RMS
F. #2019R01386

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -                           No. 22-CR-194 (EK)

ANTHONY ROMANELLO,
       also known as "Rom," and
JOSEPH CELSO,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## THE PARTIES' JOINT REQUEST TO CHARGE

BREON PEACE
United States Attorney
Eastern District of New York

Dana Rehnquist
Irisa Chen
Rebecca M. Schuman
Assistant United States Attorneys
    (Of Counsel)

TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 1

REQUEST NO. 1 — General Requests ................................................................ 2

REQUEST NO. 2 — Knowingly and Intentionally (Joint)...................................... 4

REQUEST NO. 3 — Conspiracy Generally (Gov't Only) ...................................... 6

REQUEST NO. 4 — Count One (Gov't Only) ...................................................... 12

REQUEST NO. 5 — Count Two (Joint)................................................................ 14

REQUEST NO. 6 — Aiding and Abetting (Gov't Only)........................................ 16

REQUEST NO. 7 — Co-conspirator Liability (Gov't Only).................................. 19

REQUEST NO. 8 — Count Three (Gov't Only) ................................................... 21

REQUEST NO. 9 — Charts, Maps and Summaries (Joint)................................... 23

REQUEST NO. 10 — Transcripts (Joint)............................................................. 24

REQUEST NO. 11 — Use of Bank Records, Video Footage, Cellular Phone Evidence and Recorded Calls (Gov't Only).......................................................... 25

REQUEST NO. 12 — Persons Not on Trial (Joint)............................................... 26

REQUEST NO. 13 — Interviews of Witnesses (*if applicable*) (Gov't Only) ......... 27

REQUEST NO. 14 — No Duty To Produce Evidence Or To Use Particular Investigative Techniques (Gov't Only)................................................................ 28

REQUEST NO. 15 — No Duty to Call Witnesses and Uncalled Witness Equally Available (Gov't Only) .............................................................................. 29

REQUEST NO. 16 — Impeachment by Prior Inconsistent Statement (*if applicable*) (Joint).. 30

REQUEST NO. 17 — Proof of Motive is Not Necessary (Gov't Only)................... 31

REQUEST NO. 18 — Electronic Communications (Joint) ..................................... 32

REQUEST NO. 19 — Indictment Is Not Evidence (Gov't Only) ........................... 33

REQUEST NO. 20 — Consider Only the Charges (*if applicable*) (Joint)............... 34

REQUEST NO. 21 — Equality of Parties Before the Court (Gov't Only)............... 35

REQUEST NO. 22 — Presumption of Innocence and Burden of Proof Court (Gov't Only)... 36

REQUEST NO. 23 — Reasonable Doubt (Gov't Only)......................................... 38

REQUEST NO. 24 — Defendant's Right Not to Testify (*if applicable*) (Gov't Only)........... 40

REQUEST NO. 25 — Number of Witnesses and Uncontradicted Testimony (Def. Romanello Only)........................................................................................ 42

REQUEST NO. 26 — Impermissible to Infer Participation from Mere Presence (Def. Romanello Only) ........................................................................... 43

REQUEST NO. 27 — Impermissible to Infer Participation from Association (Def. Romanello

Only)........................................................................................................................... 44

REQUEST NO. 28 — Missing Witness Not Equally Available to Defendants (*if applicable*) (Def. Romanello Only)............................................................................................ 45

REQUEST NO. 29 — Bias and Hostility (Def. Romanello Only) ........................................... 47

REQUEST NO. 30 — Interest in Outcome (*if applicable*) (Joint) ......................................... 48

REQUEST NO. 31 — Permissible Inferences Drawn from the Evidence (Gov't Only).......... 49

REQUEST NO. 32 — Accomplice Testimony (*if applicable*) (Joint)..................................... 51

REQUEST NO. 33 — Trial Perjury (Def. Romanello Only)..................................................... 53

REQUEST NO. 34 — Prior Perjury (*if applicable*) (Def. Romanello Only)........................... 54

REQUEST NO. 35 — Acts and Declaration of Co-Conspirators (Gov't Only)...................... 55

CONCLUSION............................................................................................................................ 57

## PRELIMINARY STATEMENT

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the parties respectfully request that the Court include the following instructions in its charge to the jury and requests leave to offer additional instructions as they become appropriate during the course of the trial.  The parties further respectfully request that copies of the jury instructions be provided to the jurors during their deliberations.

The parties have exchanged their respective requests to charge and all mutually agreed upon requests are included below.  Where no agreement has been reached, each party's proposed charge and/or one party's proposed charge is included with an explanation of the other party's objection to that charge.

REQUEST NO. 1 — General Requests

The parties request that the Court charge the jury in its usual manner on the following subjects:

(a)     Function of the Court and the Jury;

(b)     Direct and Circumstantial Evidence;

(c)     Credibility of Witnesses;

(d)     Law Enforcement Witnesses;

(e)     Character Witnesses (*if applicable*);

(f)     Expert Witnesses;

(g)     Testimony of the Defendant (*if applicable*);

(h)     Redacted Exhibits Appropriate;

(i)     Stipulations;

(j)     Objections;

(k)     What is Not Evidence;

(l)     Dates Approximate;

(m)     Meaning of "And" in the Indictment;

(n)     Individual Consideration of Each Defendant;

(o)     No Questioning Wisdom of Law;

(p)     Basing Verdict on Sympathy or Prejudice Prohibited;

(q)     Considerations of Punishment not the Province of the Jury;

(r)     Selection of a Foreperson;

(s)     Jury Communications with Lawyers and the Court;

(t)     Right to See Exhibits and to Have Testimony Read During Deliberations;

(u)     Duty to Consult and Need for Unanimity; and

(v)     Deliberations.

REQUEST NO. 2 — Knowingly and Intentionally (Joint)

Because the Indictment charges three separate counts, and because these charges require you to consider the concepts of knowledge and intent, and specific words that describe different types of knowledge and intent, I will tell you now about those concepts before I address each of the three charges specifically.

1. Knowingly

A person acts "knowingly" if he acts intentionally and voluntarily and not because of ignorance, mistake, accident or carelessness.  Whether a defendant acted knowingly may be proven by his conduct and by all the facts and circumstances surrounding the case.

In considering whether the defendant had knowledge of a given fact, you may consider whether the defendant was aware of a high probability that the fact was true, and acted with deliberate disregard for the truth. In determining whether a defendant acted knowingly, you may also consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him.

However, knowledge may not be established by demonstrating that the defendant was merely negligent, foolish, or mistaken; or if you find the defendant was operating under an actual and sincere belief.

2. Intentionally

A person acts "intentionally" when he acts deliberately and purposefully.  That is, to be intentional, a defendant's acts must have been the product of his conscious, objective decision rather than the product of a mistake or accident.  You may infer that a person ordinarily intends all natural and probable consequences of an act knowingly done.  It is sufficient that a defendant intentionally engages in conduct that the law forbids.  The government is not required to prove

4

that a defendant is aware of the law that actually forbids his conduct.

Whether a person acted knowingly or intentionally is a question of fact for you to determine like any other fact question. Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past, he committed an act with fraudulent intent. Such direct proof is not required. The ultimate facts of knowledge and criminal intent although subjective may be established by circumstantial evidence based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational and logical inferences that may be drawn therefrom.

<u>Authority</u>

Adapted from the Jury Charge of the Honorable Eric R. Komitee, <u>United States v. Zhukov</u>, No. 18-CR-633 (hereinafter, "<u>Zhukov</u>"); the Jury Charge of the Honorable Eric R. Komitee, <u>United States v. Sterling</u>, No. 22-CR-247 (EK) (hereinafter, "<u>Sterling</u>"); the Jury Charge of the Honorable Pamela K. Chen, <u>United States v. Full Play Group S.A., et al.</u>, No. 15-CR-252 (S-3) (hereinafter, "<u>Full Play</u>"); <u>see also</u> L. Sand, J. Siffert, W. Loughlin, S. Reiss, S. Allen, J. Rakoff and D. Epstein, <u>Modern Federal Jury Instructions</u> ("Sand"), § 3A.01, Instructions 3A-1, 3A-2, 3A-4 and § 6.06, Instruction 6-19.

REQUEST NO. 3 — Conspiracy Generally (Gov't Only)

In Count One of the Indictment, the defendant is charged with conspiring to engage in extortionate collection of credit against Shuqeri Selimaj, who is also known as "Bruno" and Fiton Selimaj, who is also known as "Toni." These two individuals are identified in the indictment as John Doe #1 and John Doe #2, respectively. In Count Two, the defendants are charged with the extortionate collection of credit against the same individuals. For both counts, the crimes are alleged to have been committed in or about and between March 2017 and June 2017. I will now explain the applicable law.

Count One in the Indictment alleges that the defendants participated in a criminal conspiracy.

A conspiracy is an agreement by two or more persons to accomplish some unlawful objective. It is sometimes referred to as a criminal partnership. The crime of conspiracy is separate from the crime the alleged conspirators agreed to commit. A conspiracy is in and of itself a crime. If a conspiracy exists, even if it fails to achieve its purpose, it is still a punishable crime.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy did not succeed. That is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct and increases the likelihood of success of a particular criminal venture.

In order to prove the crime of conspiracy charged in Count One of the Indictment, the government must establish the following elements of the crime of conspiracy beyond a reasonable doubt:

First, two or more persons entered into the particular unlawful agreement charged in the conspiracy count that you are considering; and

Second, the defendant knowingly and intentionally became a member of the conspiracy.

6

The first element requires that the government prove that at least two conspirators had a meeting of the minds and that they agreed to work together to accomplish the object of the charged conspiracy.

You need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement.  To establish a conspiracy, the government is not required to prove that the conspirators sat around a table and entered into a solemn contract orally or in writing, stating that they have formed a conspiracy to violate the law, setting forth details of the plan, the means by which the unlawful project is to be carried out, or the part to be played by each conspirator.

Common sense would suggest that when people do, in fact, undertake to enter into a conspiracy, much is left to an unexpressed understanding.  A conspiracy, by its very nature, is almost invariably secret in both origin and execution.  Therefore, it is sufficient for the government to show that the conspirators somehow came to a mutual understanding, even if unspoken, to accomplish an unlawful act by means of a joint plan or common scheme.

Because conspiracy is usually characterized by secrecy, you may infer its existence from the circumstances and the conduct of the parties and others involved.  In the context of conspiracy cases, actions can speak louder than words.  So, in determining whether an agreement existed, you may consider the actions and statements of all of these persons in deciding to act together for the accomplishment of an unlawful purpose.  In short, you may consider all of the evidence before you and the reasonable inferences that may be drawn from all the evidence.

The second element requires that the government prove that the defendant was a member of that conspiracy.  That is, you must determine whether the defendant knowingly and intentionally became a participant in the conspiracy.  I've already instructed you as to the terms

7

knowingly and intentionally, and you should apply those instructions here.  In deciding whether a defendant was a participant or a member of a conspiracy, you must consider whether, based upon all of the evidence, the defendant knowingly and intentionally joined that conspiracy.  That is, he participated in it, with knowledge of its purpose, and with the specific intention of furthering one or more of its objectives.  Proof of financial interest in the outcome of the scheme is not essential. Although if you find that a defendant did have a financial interest in the outcome of a scheme, you may consider that as evidence of a defendant's motive to join the conspiracy.

A defendant's knowledge is a matter of inference from the facts proved.  To become a member of a conspiracy a defendant need not have known the identities of every member, nor need he have been apprised of all of their activities.  A defendant need not have been fully informed of all of the details or the scope of the conspiracy in order to justify an inference of knowledge on his part.

In addition, the extent of a defendant's participation has no bearing on the issue of a defendant's guilt.  A conspirator's liability is not measured by the extent or duration of his participation.  A defendant need not have joined in all of a conspiracy's unlawful objectives.   In other words, the law does not require a defendant to play an equal role in the conspiracy as another defendant or conspirator.  Some conspirators may play major roles, while others may play minor ones.  Each member may perform separate and distinct acts and may perform them at different times.  Even a single act may be sufficient to draw a defendant within the circle of a conspiracy. A person who intentionally joins an existing conspiracy is charged with the same responsibility as if he or she had been one of the originators or instigators of the conspiracy.  In other words, an

individual who joins an existing conspiracy is held accountable for the prior conduct of co-conspirators.

Thus, if you find that the conspiracy existed, and if you further find that a defendant participated in it knowingly and intentionally, the extent or degree of his participation is not material. The government also need not prove that the defendant actually committed the unlawful act or acts charged as the objective of the conspiracy. Instead, the government must prove beyond a reasonable doubt only that the purpose of the conspiracy was to commit an act or acts that are unlawful.

However, a defendant's mere presence at the scene of criminal activities, or at locations frequented by criminals, does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make a defendant a member. A person may know or be friendly with a criminal without being a criminal himself. Mere similarity of conduct or the fact that individuals may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

Similarly, mere knowledge or acquiescence without participation in the unlawful plan is not sufficient. The fact that the acts of a defendant merely happen to further the purposes or objectives of the conspiracy, without his knowledge, also does not make that defendant a member. More is required under the law. What is necessary is that a defendant must have participated with knowledge of at least some of the unlawful purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally joined, engaged, advised, or assisted in it for the purpose of

furthering the illegal undertaking. The defendant thereby becomes a knowing and willing participant in the unlawful agreement-that is to say, a conspirator.

<u>Authority</u>

Adapted from <u>Zhukov</u>; <u>Full Play;</u> the Jury Charge of the Honorable Joseph F. Bianco, <u>United States v. Escobar</u>, No. 21-CR-101 (hereinafter, "<u>Escobar</u>"); Sand, § 19.01, Instructions 19-3, 19-4, 19-6.

***Defendant Romanello's Objection:***

*Defendant Romanello objects to the requested instruction above. Generally, Defendant Romanello objects that the instruction includes what a defendant need not know and that it should include what a defendant must know as well as the instruction's reference to the defendant as a participant as opposed to a member. Specifically, Defendant Romanello objects to the second sentence in the fourth paragraph, the seventh and eighth paragraphs, the third to last sentence of the twelfth paragraph, and the last two sentences of the thirteenth paragraph. The defendant's objections are shown below in tracked changes:*

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy did not succeed. ~~That is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct and increases the likelihood of success of a particular criminal venture.~~

\*     \*     \*

~~You need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. To establish a conspiracy, the government is not required to prove that the conspirators sat around a table and entered into a solemn contract orally or in writing, stating that they have formed a conspiracy to violate the law, setting forth details of the plan, the means by which the unlawful project is to be carried out, or the part to be played by each conspirator.~~

~~Common sense would suggest that when people do, in fact, undertake to enter into a conspiracy, much is left to an unexpressed understanding. A conspiracy, by its very nature, is almost invariably secret in both origin and execution. Therefore, it is sufficient for the government to show that the conspirators somehow came to a mutual understanding, even if unspoken, to accomplish an unlawful act by means of a joint plan or common scheme.~~

\*     \*     \*

In addition, the extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of his participation. A defendant need not have joined in all of a conspiracy's unlawful objectives. In other words, the law does not require a defendant to play an equal role in the conspiracy as another

defendant or conspirator.  Some conspirators may play major roles, while others may play minor ones.  Each member may perform separate and distinct acts and may perform them at different times.  ~~Even a single act may be sufficient to draw a defendant within the circle of a conspiracy.~~  A person who intentionally joins an existing conspiracy is charged with the same responsibility as if he or she had been one of the originators or instigators of the conspiracy.  In other words, an individual who joins an existing conspiracy is held accountable for the prior conduct of co-conspirators.

Thus, if you find that the conspiracy existed, and if you further find that a defendant participated in it knowingly and intentionally, the extent or degree of his participation is not material.  ~~The government also need not prove that the defendant actually committed the unlawful act or acts charged as the objective of the conspiracy.  Instead, the government must prove beyond a reasonable doubt only that the purpose of the conspiracy was to commit an act or acts that are unlawful.~~

*<u>Alternatively</u>, Defendant Romanello proposes substantive conspiracy instructions, attached hereto as Exhibit A.*

11

REQUEST NO. 4 — Count One (Gov't Only)

Count One charges that the defendants conspired to engage in extortionate

collection of credit.  Count One reads, in pertinent part, as follows:

> In or about and between March 2017 and June 2017, both dates
> being approximate and inclusive, within the Eastern District of New
> York and elsewhere, the defendants ANTHONY ROMANELLO,
> also known as "Rom," . . . and JOSEPH CELSO, together with
> others, did knowingly and intentionally agree to participate in the
> use of extortionate means to collect and attempt to collect one or
> more extension of credit from [Fiton Selimaj, also known as "Toni"]
> and [Shuqeri Selimaj, also known as "Bruno"].

The statute relevant to Count One is Section 894 of Title 18 of the United States

Code, which provides as follows:

> Whoever knowingly participates in any way or conspires to do
> so  . . . in the use of any extortionate means . . . to collect or attempt
> to collect any extension of credit . . . [commits a crime].

To prove a conspiracy to engage in extortionate collection of credit, the government

must prove beyond a reasonable doubt, by evidence of the defendant's own actions and conduct,

that he entered into the conspiracy knowingly and intentionally, with the specific intent to engage

in the extortionate collection of credit.  If two or more persons agreed to engage in extortionate

collection of credit, each is guilty of extortionate collection of credit conspiracy.  I have already

instructed you on the elements of conspiracy.  The elements of engaging in extortionate collection

of credit are set forth in the next instruction.

I remind you that the crime of conspiracy—an agreement—to violate a law is

an independent offense.   It is separate and distinct from the actual violation of any specific law.

The government need not prove that each respective defendant actually committed the unlawful

act charged as the object of the conspiracy in Count One.   Rather, if you find that a defendant

knowingly and intentionally agreed to commit this crime, then you should find that defendant

12

guilty of Count One.  **Accordingly, you may find the defendants guilty of the offenses charged in Count One even if you find that there was no violation of the law prohibiting** extortionate collection of credit.

Authority

Adapted from <u>Zhukov</u>; <u>Full Play</u>; from the Jury Charge of the Honorable Allyne R. Ross, <u>United States v. Asaro</u>, No. 14-CR-26 (hereinafter, "<u>Asaro</u>"); the Jury Charge of the Honorable Ann M. Donnelly, <u>United States v. Sharipov</u>, No. 19-CR-282 (hereinafter, "<u>Sharipov</u>").

**_Defendant Romanello's Objection:_**

*Defendant Romanello objects to the inclusion of the second to last sentence of the fourth paragraph of the instruction.  The defendant's objections are shown below in tracked changes:*

I remind you that the crime of conspiracy—an agreement—to violate a law is an independent offense.   It is separate and distinct from the actual violation of any specific law. The government need not prove that each respective defendant actually committed the unlawful act charged as the object of the conspiracy in Count One.  ~~Rather, if you find that a defendant knowingly and intentionally agreed to commit this crime, then you should find that defendant guilty of Count One.~~  Accordingly, you may find the defendants guilty of the offenses charged in Count One even if you find that there was no violation of the law prohibiting extortionate collection of credit.

13

REQUEST NO. 5— Count Two (Joint)

I will now instruct you on Count Two of the Indictment.  Count Two charges the

defendants with extortionate collection of credit.

Count Two reads, in pertinent part, as follows:

In or about and between March 2017 and June 2017, both dates
being approximate and inclusive, within the Eastern District of New
York and elsewhere, the defendants ANTHONY ROMANELLO,
also known as "Rom," . . . and JOSEPH CELSO, together with
others, did knowingly and intentionally participate in the use of
extortionate means to collect and attempt to collect one or more
extension of credit from [Fiton Selimaj, also known as "Toni"] and
[Shuqeri Selimaj, also known as "Bruno"].

The statute relevant to Count Two is Section 894 of Title 18 of the United States

Code, which provides as follows:

Whoever knowingly participates in any way or conspires to do
so . . . in the use of any extortionate means . . . to collect or
attempt to collect any extension of credit . . . [commits a crime].

To prove a violation of this statute, the government must establish each of the

following three elements beyond a reasonable doubt:

First: that the defendant collected or attempted to collect an extension of credit;

Second: that the defendant used extortionate means to collect or attempt to collect the
extension of credit; and

Third: that the defendant participated knowingly in the use of extortionate means.

I will explain each of these elements in greater detail.

1.  Collection of Extension of Credit

The first element of the offense is that the defendant collected or attempted to

collect an extension of credit.

To collect means simply to induce a person in any way to make a payment of

money.  To extend credit means to make or renew any loan, or to enter into any agreement, tacit

or express, whereby the repayment of a debt may, or will be deferred.  It makes no difference whether the debt or claim in question is valid or acknowledged, or how it may have arisen.

2.  Extortionate Means

The second element of the offense is that extortionate means were used to collect or attempt to collect an extension of credit.  Extortionate means are any means which involve the use, or an express or implicit threat of use, of violence or other criminal means to cause harm to the person, reputation, or property of any person.  What is extortionate is a method of collection involving the use or threatened use of physical harm to persons or property, taking or threatening to take property without a legal right to do so, or other extralegal efforts to intimidate a debtor.

The second element is directed at the conduct of the defendant, not at the state of mind of the victim.  The defendant's actions need not generate actual fear.  You need only find that the defendant intended to take actions which reasonably would induce fear in an ordinary person.

3.  Knowing Participation

The third element of the offense is knowing participation in the use of extortionate means.  I have already instructed you as to what it means to act knowingly, and that definition applies here.

Authority

Adapted from Asaro; Sharipov; Sand, § 32.02, Instructions 32-6, 32-7, 32-8, 32-9; see also United States v. Pacione, 738 F.2d 567 (2d Cir. 1984); United States v. Bufalino, 576 F.2d 446 (2d Cir. 1978); United States v. Gambino, 566 F.2d 414 (2d Cir. 1977).

REQUEST NO. 6 — Aiding and Abetting (Gov't Only)

Even if you find that the government has not proven beyond a reasonable doubt that a defendant directly engaged in the extortionate collection of credit, you must also consider whether the government has met its burden of proving a defendant's guilt by considering other theories of liability, which are called aiding-and-abetting liability and co-conspirator liability.

The government may establish a defendant's guilt of Count Two through any one of these theories—direct liability, aiding-and-abetting liability or co-conspirator liability.

The federal definition of "aiding and abetting" is contained in Section 2 of Title 18, United States Code, which provides as follows:

> Whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary to find that the defendant himself committed the crime charged in Count Two in order for the government to sustain its burden of proof.  This is so because under the law, a person who aids and abets another to commit an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you may find the defendant guilty of the offense charged if you find beyond a reasonable doubt that the government has proven that another person actually committed the offense and that the defendant aided or abetted that person in the commission of the offense.

As you can see, the first requirement is to find that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal act of another if no crime was committed by the other person in the first place.  But if you find that a crime was committed, then you must determine whether the defendant aided or abetted the commission of that crime.

16

To aid or abet another to commit a crime, a defendant must do two things.  First, he must knowingly associate himself in some way with the crime, and second, he must participate in the crime by doing some act to help make the crime succeed.

To establish that the defendant knowingly associated himself with the crime, the government must establish that the defendant knew and intended that the crime charged would be committed.

To establish that the defendant participated in the commission of the crime, the government must prove that the defendant engaged in some affirmative conduct for the specific purpose of bringing about the crime.  The defendant's mere presence where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, is not sufficient to establish aiding and abetting.  One who has no knowledge that a crime is being committed or is about to committed, but inadvertently does something that aids in the commission of that crime is not an aider or abettor.  An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

To determine whether a defendant aided or abetted the commission of a crime, ask yourself these questions:

Did he participate and intend to participate in the crime?

Did he knowingly associate himself with the criminal venture?

Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense.  If, on the other hand, your answer to any one of these questions is "no," then the defendant is not an aider and abettor, and you must find him not guilty under that theory.

17

<u>Authority</u>

Adapted from <u>Zhukov</u>; <u>see</u> <u>also</u> Sand, § 11.01, Instructions 11-1,11-2.

**_Defendant Romanello's Objection:_**

_Defendant Romanello objects to the inclusion of the first three paragraphs of the proposed instruction and proposes the below addition, as shown in tracked changes, to the second to last paragraph of the instruction, <u>citing</u> Sand, Instruction 11-2.:[1]_

To establish that the defendant participated in the commission of the crime, the government must prove that the defendant engaged in some affirmative conduct for the specific purpose of bringing about the crime. _Participation in a crime is willful if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with the specific intent to fail to do something which the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law._ The defendant's mere presence where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to committed, but inadvertently does something that aids in the commission of that crime is not an aider or abettor. An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

---

[1]    The government notes that the proposed additional language from Defendant Romanello is noted in <u>Sand</u> to be used only "[i]f willfulness is charged," which it is not in this case. <u>See</u> Sand, § 11.01, Instruction 11-2.

REQUEST NO. 7 — Co-conspirator Liability (Gov't Only)

Another way in which you should evaluate the guilt of the defendants for Count Two, even if you do not find that the government has satisfied its burden of proof with respect to direct liability or aiding-and-abetting liability, is called "co-conspirator liability."

If you find beyond a reasonable doubt that a defendant was a member of the conspiracy charged in Count One of the Indictment then you may, but are not required to, find that defendant guilty of the substantive crime charged against him in Count Two.  To do so, however, you must first find, beyond a reasonable doubt, each of the following elements as to Count Two:

First, the substantive crime charged in Count Two was committed;

Second, the person or persons you find actually committed the crime were members of the conspiracy you found to have existed;

Third, the substantive crime was committed pursuant to the common plan and understanding you found to exist among the conspirators;

Fourth, the defendant was a member of that conspiracy at the time the substantive crime was committed; and

Fifth, the defendant could have reasonably foreseen that the substantive crime might be committed by his co-conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find a defendant guilty of Count Two, even though he did not personally participate in the acts constituting the crime or did not have actual knowledge of it.

The reason for this rule is simply that a co-conspirator who commits a substantive crime pursuant to a conspiracy is deemed to be the agent of the other conspirators.  Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the substantive crimes committed pursuant to that conspiracy.

If, however, you are not satisfied as to the existence of any of these five elements,

19

then you may not find that defendant guilty of the substantive crime, unless the government proves, beyond a reasonable doubt, that the defendant personally committed the substantive crime charged in Count Two, or aided and abetted the commission of the substantive crime charged in Count Two.

<u>Authority</u>

Adapted from the Jury Charge of the Honorable Nicholas G. Garufis, <u>United States v. Ruslan Asainov</u>, No. 19-CR-402 (hereinafter, "<u>Asainov</u>"); <u>see also</u> Sand, § 19.03, Instruction 19-13; <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946); <u>United States v. Gallego</u>, 191 F.3d 156 (2d Cir. 1999).

***Defendant Romanello's Objection:***

*Defendant Romanello objects to this requested instruction on the basis that the "<u>Pinkerton</u> charge should not be given where the evidence of the conspiracy charge is sufficiently thin that the <u>Pinkerton</u> charge invites the jury to infer the conspiracy from the substantive charge. <u>United States v. Sperling</u>, 506 F.2d 1323, 1341-42 (2d Cir. 1974), <u>cert</u>. <u>denied</u>, 420 U.S. 962 (1975)."*

*In addition, Defendant Romanello objects to the inclusion of the first sentence of the second paragraph of the instruction.  The defendant's objections are shown below in tracked changes:*

~~If you find beyond a reasonable doubt that a defendant was a member of the conspiracy charged in Count One of the Indictment then you may, but are not required to, find that defendant guilty of the substantive crime charged against him in Count Two.~~ To do so, however, you must first find, beyond a reasonable doubt, each of the following elements as to Count Two: . . .

REQUEST NO. 8 — Count Three (Gov't Only)

Count Three charges the defendant Joseph Celso with obstruction of justice.

Count Three reads, in pertinent part, as follows:

> In or about November 2019, within the Eastern District of New York
> and elsewhere, the defendant JOSEPH CELSO, together with
> others, did knowingly, intentionally and corruptly obstruct and
> impede, and attempt to obstruct and impede, an official proceeding,
> to wit: a Federal Grand Jury investigation in the Eastern District of
> New York into the offenses charged in Counts One and Two.

The statute relevant to Count Three is Section 1512(c)(2) of Title 18, United
States Code, which provides as follows:

> Whoever corruptly . . . otherwise obstructs, influences, or impedes
> any official proceeding, or attempts to do so, [violates federal law].

The government alleges that the defendant otherwise obstructed, influenced and
impeded the grand jury investigation, in violation of Section 1512(c)(2). To establish a violation
of Section 1512(c)(2), the government must prove each of the following elements beyond a
reasonable doubt:

First, the defendant obstructed, influenced or impeded or attempted to do obstruct,
influence or impede an official proceeding; and

Second, the defendant acted corruptly.

I will explain each of these elements in greater detail.

1. Obstructing an Official Proceeding

The first element the government must prove beyond a reasonable doubt is that the
defendant obstructed, influenced, impeded or attempted to obstruct, influence or impede an official
proceeding.

21

An "official proceeding" means a proceeding before a federal court, a federal judge, or a federal agency. You are instructed that a federal grand jury investigation is an official proceeding. The law does not require that the federal proceeding be pending at the time of the defendant's actions as long as the proceeding was reasonably foreseeable such that the defendant knew that his actions were likely to affect the proceeding.  In addition, the government does not have to prove that the defendant knew that the proceeding would be in federal court.

2.  Acted Corruptly

The second element the government must prove is that the defendant acted corruptly. To act corruptly means to act with an improper purpose and to engage in conduct knowingly and dishonestly and with the intent to obstruct, impede, or influence the due administration of justice.

The due administration of justice refers to the fair, impartial, uncorrupted, and unimpeded investigation, prosecution, disposition, or trial of any matter in federal courts, including a federal grand jury proceeding or investigation.

Authority

Adapted from Asainov; Sand, § 46.11, Instructions 46-69, 46-70, 46-71.

**Defendant Celso's Objection:**

*Defendant Celso objects to the instruction as proposed and requests that the instruction be "more specific and add specifically the name of a victim" whose testimony Defendant Celso "attempted to obstruct."*

REQUEST NO. 9 — Charts, Maps and Summaries (Joint)

The government has presented exhibits in the form of charts, maps and summaries. These charts, maps and summaries were admitted as a supplement to the underlying documents and testimony that they represent in order to save time and avoid unnecessary inconvenience.  It is the jury's responsibility to determine whether the charts and summaries accurately reflect the evidence presented.  You should consider these charts, maps, and summaries as you would any other evidence.

<u>Authority</u>

Adapted from Sand, § 5.05, Instruction 5-12; the Jury Charge of the Honorable Eric N. Vitaliano, <u>United States v. Brack</u>, No. 18-CR-684.

23

REQUEST NO. 10 — Transcripts (Joint)

The parties has been permitted to hand out transcripts that it prepared containing the parties' interpretation of what appears on audio recordings which have been received as evidence.  Those were given to you as an aid or guide to assist you in listening to the recordings.  However, they are not in and of themselves evidence.  Therefore, when the recordings were played I advised you to listen very carefully to the recordings themselves.  You alone should make your own interpretation of what appears on the recordings based on what you heard.  If you think you heard something differently than appeared on the transcript then what you heard is controlling.  Again, you, the jury, are the sole judges of the facts.

<u>Authority</u>

Adapted from Sand, § 5.04, Instruction 5-9.

24

REQUEST NO. 11 — Use of Bank Records, Video Footage, Cellular Phone Evidence and Recorded Calls (Gov't Only)

You have heard testimony about bank records, surveillance video footage, evidence obtained in connection with cellular telephones and evidence of recorded phone calls and text messages.  Such evidence was properly admitted in this case and may be considered by you. Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations because I now instruct you that the government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the government has proved the defendant's guilt beyond a reasonable doubt.

<u>Authority</u>

Adapted from <u>Sterling</u>; <u>Full Play</u>.

***Defendant Romanello's Objection:***

*Defendant Romanello objects to this instruction.*

25

REQUEST NO. 12 — Persons Not on Trial (Joint)

You have heard evidence about the involvement of certain other people in the alleged crimes referred to in the Indictment.  You may not draw any inference, favorable or unfavorable, toward the government or the defendants from the fact that certain persons are not on trial before you.  That these individuals are not on trial before you is not your concern.  You should neither speculate as to the reason these people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case.  Nor should you draw any inference from the fact that any other person is not present at this trial.  Your concern is solely the defendants on trial before you.

Authority

Adapted from Zhukov; Sterling; Full Play; Escobar.

26

REQUEST NO. 13 — Interviews of Witnesses (*if applicable*) (Gov't Only)

There was testimony at trial that the attorneys and agents for the government interviewed witnesses when preparing for, and during the course of, the trial. You should not draw any unfavorable inference from that testimony. To the contrary, the attorneys were obliged to prepare this case as thoroughly as possible and might have been derelict in the performance of their duties if they failed to interview witnesses before this trial began and as necessary throughout the course of the trial.

Authority

Adapted from the Jury Charge of the Honorable Pamela K. Chen, United States v. Pippins, No. 19-CR-378 (hereinafter, "Pippins"); the Honorable Kiyo A. Matsumoto, United States v. Rivera, No. 13-CR-149 (hereinafter, "Rivera").

**Defendant Romanello's Objection:**

*Defendant Romanello objects to this instruction.*

27

REQUEST NO. 14 — No Duty To Produce Evidence Or To Use Particular Investigative Techniques (Gov't Only)

Although the government bears the burden of proof beyond a reasonable doubt, and although a reasonable doubt can arise from lack of evidence, you are instructed that there is no legal requirement that the government use any specific investigative techniques or pursue every investigative lead to prove its case.  The government, its agents, and employees are not on trial, and law enforcement techniques are not your concern. Therefore, although you are to carefully consider the evidence adduced by the government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.  Additionally, the law does not require that all things mentioned during the course of the trial be produced as exhibits.  Your concern is to determine whether or not, on the evidence or lack of evidence, each of the defendant's guilt has been proved beyond a reasonable doubt.

Authority

Adapted from the Jury Charge of the Honorable Pamela K. Chen, United States v. Brendan Hunt, No. 19-CR-358; Sand, § 4.01, Instruction 4-4 and § 6.04, Instruction 6-7; see generally United States v. Erb, 543 F.2d 438, 444-45 (2d Cir. 1976) (discussing propriety of missing witness charges).

***Defendant Romanello's Objection:***

*Defendant Romanello objects to this instruction.*

28

REQUEST NO. 15 — No Duty to Call Witnesses and Uncalled Witness Equally Available
(Gov't Only)

I also charge you that all persons who may have been present at any time or place mentioned in the case, or who may appear to have some knowledge of the issues in this case, need not be called as witnesses.  Both the government and the defense have the same right to subpoena witnesses to testify on their behalf.  There is no duty on either side, however, to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You also should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

Authority

Adapted from Pippins; Rivera; Sand, § 6.04, Instruction 6-7; see also United States v. Bahna, 68 F.3d 19, 22 (2d Cir. 1995).

**Defendant Romanello's Objection:**

Defendant Romanello objects to this instruction.

29

REQUEST NO. 16 — Impeachment by Prior Inconsistent Statement (*if applicable*) (Joint)

You have heard evidence that a witness made a statement on an earlier occasion that counsel argues is inconsistent with the witness's trial testimony. Evidence of the prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness. If you find that the witness made an earlier statement that conflicts with his/her trial testimony, you may consider that fact in deciding how much of his/her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight should be given to the inconsistent statement in determining whether to believe all, part, or none of the witness's testimony.

Authority

Adapted from Rivera; Sand, § 7.01[4], Instruction 7-19.

30

REQUEST NO. 17 — Proof of Motive is Not Necessary (Gov't Only)

Intent and motive are different concepts.  Motive is what prompts a person to act.  Intent refers only to the state of mind with which a particular act is done.  Proof of motive is not an element of any of the crimes with which the defendant is charged.  Proof of motive does not establish guilt, nor does the lack of proof of motive establish that the defendant is not guilty.  If all the elements of a crime are proven beyond a reasonable doubt, it is immaterial what a defendant's motive for the crime may be, whether there are multiple or mixed motives, or whether the defendant's motive was shown at all.  The presence or absence of motive, is, however, a circumstance which you may consider as bearing on the intent of the defendant.

<u>Authority</u>

Adapted from the Jury Charge of the Honorable Margo K. Brodie, <u>United States v. Anthony Pandrella</u>, No. 19-CR-122; Sand, § 6.06, Instruction 6-18.

**Defendant Romanello's Objection:**

*Defendant Romanello objects to this instruction.*

31

REQUEST NO. 18 — Electronic Communications (Joint)

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media such as a telephone, cell phone, smartphone, iPhone, computer, internet, text, instant message service, any internet chat room, blog, websites such as Facebook, Instagram, Snapchat, TikTok, LinkedIn, YouTube or Twitter to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. You should not consult dictionaries or reference materials or use any other electronic tool to obtain information about the case or to help you decide the case. Do not try to find information from any source outside the confines of this Court.

<u>Authority</u>

Adapted from the Jury Charge of the Honorable Nicholas G. Garaufis, <u>United States v. Elias</u>, No. 18-CR-33; <u>see also</u> <u>United States v. Ganias</u>, 755 F.3d 125, 132-33 (2d Cir. 2014) (recommending this instruction).

32

REQUEST NO. 19 — Indictment Is Not Evidence (Gov't Only)

The defendants are formally charged in an indictment. As I instructed you at the beginning of this case, an indictment is a charging instrument.  A charge in an indictment is called a "count." The Indictment in this case contains three counts: counts one and two are brought against both defendants and count three is against defendant Joseph Celso.  An indictment is merely a statement of the charge and is not itself evidence.

<u>Authority</u>

Adapted from <u>Zhukov</u>; <u>Sterling</u>; Sand, § 3.01, Instruction 3-1.

**_Defendant Romanello's Objection:_**

_Defendant Romanello instead proposes the following instruction, citing Sand, Instruction 3-1:[2]_

_With these preliminary instructions in mind, let us turn to the charges against the defendant, as contained in the indictment. I remind you that an indictment itself is not evidence. It merely describes the charges made against the defendant. It is an accusation. It may not be considered by you as any evidence of the guilt of the defendant._

_In reaching your determination of whether the government has proved the defendant guilty beyond a reasonable doubt, you may consider only the evidence produced or lack of evidence._

---

[2]     The government notes that although Defendant Romanello cites <u>Sand</u>, Instruction 3-1, the proposed instruction is not Instruction 3-1 listed in <u>Sand</u>.

33

REQUEST NO. 20 — Consider Only the Charges (*if applicable*) (Joint)

The defendants are not charged with committing any crime other than the offenses contained in the Indictment.  You have heard evidence of other acts committed by the defendants.  That evidence is to be considered solely for a limited purpose, which I will explain to you in a moment.  But I want to emphasize to you now that you are not to consider that evidence for any other purpose, and you are only to return a verdict as to the charges contained in the Indictment.

<u>Authority</u>

Adapted from <u>Sterling</u>; Sand, § 3.01, Instruction 3-3.

34

REQUEST NO. 21 — Equality of Parties Before the Court (Gov't Only)

You are to perform the duty of finding the facts without bias or prejudice as to any party.  You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of primary concern to the community.  Equally, it is important to the defendants, who are charged with serious crimes.

The fact that the prosecution is brought in the name of the United States of America entitles the government o no greater consideration than that accorded to any other party to a litigation.  By the same token, it is entitled to no less consideration.  All parties, whether government or individuals, stand as equals at the bar of justice.

Authority

Adapted from Zhukov; Sterling; Sand, § 3.01, Instruction 3-3.

**Defendant Romanello's Objection:**

*Defendant Romanello instead proposes the following instruction, citing the Jury Charge of the Honorable I. Leo Glasser, United States v. Coffey, et al., No. 04-CR-651 (ILG):*

*The fact that this prosecution is brought in the name of the United States Government does not entitle the United States to any greater consideration than is due the Defendant Anthony Romanello [or Defendant Joseph Celso].  By the same token, it is entitled to no less consideration. The parties – the United States Government and the Defendant[s] – are equal before this Court, and they are entitled to equal consideration.  Neither the Government nor the Defendant[s are] entitled to any sympathy or favor.*

35

REQUEST NO. 22 — Presumption of Innocence and Burden of Proof Court (Gov't Only)

   The defendants have pleaded not guilty to the charges in the Indictment.  To convict a defendant, the burden is on the prosecution to prove the defendant's guilt of each element of a charge beyond a reasonable doubt.  This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

   In other words, each defendant starts with a clean slate and is presumed innocent of each charge until such time, if ever, that you as a jury are satisfied that the government has proven a given defendant is guilty of a given charge beyond a reasonable doubt.

<u>Authority</u>

   Adapted from <u>Zhukov</u>; <u>Sterling</u>; <u>Full Play</u>; Sand, § 4.01, Instruction 4-1.

***Defendant Romanello's Objection:***

   *Defendant Romanello instead proposes the following instruction, citing Sand, Instruction 4-1:[3]*

   *Although the defendant has been indicted, you must remember than an indictment is only an accusation.  It is not evidence.  The defendant has pled not guilty to that indictment.*

   *As a result of the defendant's plea of not guilty the burden is on the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.*

   *The law presumes the defendant to be innocent of all the charges against him. I therefore instruct you that the defendant is to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven him guilty beyond a reasonable doubt.*

---

   [3] The government notes that although Defendant Romanello cites <u>Sand</u>, Instruction 4-1, the proposed instruction is not Instruction 4-1 listed in <u>Sand</u>.

*The defendant begins the trial here with a clean slate. This presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all of the evidence in the case. If the government fails to sustain its burden, you must find the defendant not guilty.*

*This presumption was with the defendant when the trial began and remains with him even now as I speak to you and will continue with the defendant into your deliberations unless and until you are convinced that the government has proven his guilt beyond a reasonable doubt.*

REQUEST NO. 23 — Reasonable Doubt (Gov't Only)

Since, in order to convict the defendant of a given charge, the Government is required to prove that charge beyond a reasonable doubt, the question then is: What is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely on in making an important decision.

A reasonable doubt is not an impulse or whim. It is not speculation or mere suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the Government prove guilt beyond <u>all</u> possible doubt. Proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to a defendant's guilt with respect to a particular charge against him, you must find the defendant not guilty of that charge. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of a defendant's guilt with respect to a particular charge against him, then you should find the defendant guilty of that charge.

<u>Authority</u>

Adapted from <u>Zhukov</u>; <u>Sterling</u>; Sand, § 4.01, Instruction 4-2.

***Defendant Romanello's Objection:***

*Defendant Romanello proposes the below changes to the second and third*

38

*paragraphs of the instruction, citing Sand, Instruction 4-2.[4]  The defendant's proposed changes are shown below in tracked changes:*

A reasonable doubt is not an impulse or whim. It is not speculation or mere suspicion. It is not an excuse to avoid the performance of an unpleasant duty. *In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt.* The law does not require that the Government prove guilt beyond <u>all</u> possible doubt. Proof beyond a reasonable doubt is sufficient to convict. *The burden never shifts to the defendant, which means that it is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.*

If, after fair and impartial consideration of the evidence, you have a reasonable doubt*, it is your duty to acquit the defendant* ~~as to a defendant's guilt with respect to a particular charge against him, you must find the defendant not guilty of that charge~~. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied *of the defendant's guilt beyond a reasonable doubt, you should vote to convict*~~beyond a reasonable doubt of a defendant's guilt with respect to a particular charge against him, then you should find the defendant guilty of that charge~~.

<u>*Alternatively,*</u> *Defendant Romanello proposes the below instruction, citing the Jury Charge of the Honorable Jack B. Weinstein,* <u>*United States v. Talarico, et al.*</u>*, No. 84-CR-548 (JBW):*

A reasonable doubt means a doubt sufficient to cause a prudent person to hesitate to act in the most important affairs of his life.  Reasonable doubt may result from the evidence produced, or from failure to produce evidence.  Finding an individual to be guilty of committing a crime, and subjecting him to criminal penalties, is most serious and you will consider this fact in deciding whether you have a reasonable doubt.  Nevertheless, if at the end of the trial you are convinced beyond a reasonable doubt that a defendant is guilty of the crime charged, then you should find him guilty of that crime.

---

[4]     The government notes that although Defendant Romanello cites <u>Sand</u>, Instruction 4-2, the proposed instruction is not Instruction 4-2 listed in <u>Sand</u>.

REQUEST NO. 24 — Defendant's Right Not to Testify (*if applicable*) (Gov't Only)

The defendant(s) chose not to testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant's guilt beyond a reasonable doubt. A defendant is never required to prove that he or she is innocent.

Therefore, you must not attach any significance to the fact that a given defendant did not testify.  No adverse inference against a defendant may be drawn by you because he did not take the witness stand, and you may not consider it in any way in your deliberations in the jury room.

<u>Authority</u>

Adapted from <u>Asainov</u>; Sand, § 5.07, Instruction 5-21.

### *Defendant Romanello's Objection:*

*Defendant Romanello instead proposes the below instruction, citing the Jury Charge of the Honorable Louis L. Stanton, <u>United States v. Santiago, et al.</u>, No. 89CR-576 (S.D.N.Y.).*

*A defendant in a criminal case has an absolute right not to testify, and not to produce any evidence.  He is not called upon to prove his innocence since the burden is on the government to prove the accused guilty beyond a reasonable doubt of every essential element of the crime(s) charged.*

*A defendant has the right to rely upon the failure of the prosecution to establish such proof.  A defendant may also rely upon evidence brought out on cross-examination of the government's witnesses.*

*The law does not impose upon a defendant the duty of producing any evidence or any witnesses.  That is a decision the defendant may freely make, in consultation with his counsel.  You should not speculate as to why a defendant did not testify.  There are many perfectly innocent reasons why a defendant may decide not to.  He may feel that because of the strain of being a witness, the tension, that he might not be calm.  He may be embarrassed by his lack of education, or by his inability to speak well in front of a group of people.  You are not to speculate on these things.  You may not draw any inference whatsoever from the defendant's choice not to take the stand.*

40

*Alternatively*, Defendant Romanello proposes the below instruction, <u>citing</u> the Jury Charge of the Honorable Kevin Thomas Duffy, <u>United States v. Rubio & Rosado</u>, No. 81-CR413 (S.D.N.Y.):

The defendant did not take the stand. There are a lot of reasons why a defendant may decide to testify, or not to testify.  He may feel because of the strain or tension that he would not be a calm witness.  He might be embarrassed by the lack of education, by the inability that he may have, or feel he has, to speak in front of a large group; or because his lawyer has told him not to because the lawyer has reached a conclusion similar to those I have suggested.

I am telling you right now, don't bother yourself with the reasons.  Don't speculate as to why the defendant chose not to testify.  You are to draw absolutely no inference whatsoever one way or the other from that.

I remind you once more that the defendant may rely upon the presumption of innocence and need do absolutely nothing more.

*Alternatively*, Defendant Romanello proposes the below instruction, citing the Jury Charge of the Honorable John F. Keenan, <u>United States v. Persico, et al.</u>, No. 84-CR-809 (S.D.N.Y.):

A defendant may decide just to rest on the presumption of innocence.  And that's something that he has every right to do. Don't speculate, ladies and gentlemen, as to why a defendant chose not to testify.  Draw no inference whatsoever from that.  There are lots of reasons why a person may decide not to testify.  A defendant has an absolute right to decide not to testify and it would be unfair, improper and unAmerican to hold such a decision against him in any way.

REQUEST NO. 25 — Number of Witnesses and Uncontradicted Testimony (Def. Romanello Only)

*The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your common sense and personal experience. (After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.)*

*In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses, or offer any evidence, since he is presumed to be innocent.*

*Citing: Sand, Instruction 4-3.*

**Government's Objection:**

The government objects to the inclusion of this proposed instruction as redundant and unnecessarily confusing given the instruction on the presumption of innocence and the burden of proof.  Indeed, as Sand advises, "[t]he court always retains the discretion to refuse to give a number of witnesses instruction as long as the jury is properly charged on the presumption of innocence and the burden of proof."  Sand, Note to Instruction 4-3.  Moreover, having the proposed instruction separate and apart from the burden of proof instruction suggests to the jury that the number of witnesses presented should be offered some additional weight, which it should not.  See id. ("It should go without saying that the trial court should refrain from suggesting that the number of witnesses can be relevant." (citing United States v. Wynn, 987 F.2d 354, 358 (6th Cir. 1993)).

42

REQUEST NO. 26 — Impermissible to Infer Participation from Mere Presence (Def. Romanello Only)

*You may not infer that the defendant is guilty of participating in criminal conduct merely from the fact that he was present at the time the crime was being committed and had knowledge that it was being committed.*

*Citing: Sand, Instruction 6-3.*

**Government's Objection:**

The government objects to the inclusion of this proposed instruction as cumulative of the language included in the proposed Conspiracy Generally instruction above.  <u>See</u> Request No. 3 ("However, **a defendant's mere presence at the scene of criminal activities, or at locations frequented by criminals, does not, by itself, make him a member of the conspiracy.** Similarly, mere association with one or more members of the conspiracy does not automatically make a defendant a member.  A person may know or be friendly with a criminal without being a criminal himself.  Mere similarity of conduct or the fact that individuals may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy." (emphasis added)).

REQUEST NO. 27 — Impermissible to Infer Participation from Association (Def. Romanello Only)

*You may not infer that the defendant is guilty of participating in criminal conduct merely from the fact that he associated with other people who were guilty of wrongdoing.*

*Citing: Sand, Instruction 6-4.*

**Government's Objection:**

The government objects to the inclusion of this proposed instruction as cumulative of the language included in the proposed Conspiracy Generally instruction above.  <u>See</u> Request No. 3 ("However, a defendant's mere presence at the scene of criminal activities, or at locations frequented by criminals, does not, by itself, make him a member of the conspiracy.  **Similarly, mere association with one or more members of the conspiracy does not automatically make a defendant a member.  A person may know or be friendly with a criminal without being a criminal himself.  Mere similarity of conduct or the fact that individuals may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.**" (emphasis added)).

44

REQUEST NO. 28 — Missing Witness Not Equally Available to Defendants (*if applicable*)
(Def. Romanello Only)

*You have heard evidence about a witness who has not been called to testify. The defense has argued that the witness could have given material testimony in this case and that the government was in the best position to produce this witness.*

*If you find that this uncalled witness could have been called by the government and would have given important new testimony, and that the government was in the best position to call him, but failed to do so, you are permitted, but you are not required to infer that the testimony of the uncalled witness would have been unfavorable to the government.*

*In deciding whether to draw an inference that the uncalled witness would have testified unfavorably to the government, you may consider whether the witness's testimony would have merely repeated other testimony and evidence already before you.*

*Citing: Sand, Instruction 6-5.*

**Government's Objection:**

The defendant has not identified a witness whom the government is in the "best position to call" and has material testimony favorable to the defendant; as such, the proposed instruction is not appropriate.  See Sand, Notes to Instruction 6-3 ("An instruction permitting the jury to infer that an uncalled witness would have given testimony unfavorable to the party that failed to produce him should only be given when the witness was particularly available to that party and had material testimony to give."). First, a "court should not give the charge in this form if the defendant also had access to the witness," Sand, Notes to Instruction 6-3 ("In those instances when the witness is equally available, the balanced instruction set forth in Instruction 6-7 . . . should be given in those circuits which permit an 'equally available' charge." (citing United States v. Miranda, 526 F.2d 1319 (2d Cir. 1975) and United States v. Armone, 363 F.2d 385, 404–05 (2d Cir. 1966)); see also United States v. Dixon, 536 F.2d 1388, 1394 (2d Cir. 1976) (district court properly charged the jury it could draft an adverse inference against both parties where the witness not called by either party); accord United States v. Grant, 683 F.3d 639, 650–51 (5th Cir. 2012) (co-conspirator who has pleaded guilty and is awaiting sentencing is not peculiarly within the government's control), and Defendant Romanello has made no claim that any particular witness is not equally available to the parties.[5]  Furthermore, the defendant has not identified such a

---

[5]      To the extent Defendant Romanello would suggest that the proposed instruction is required given the government's power to immunize witnesses who have invoked their Fifth Amendment privilege against self-incrimination, the government notes this is wrong as a matter of law.  See United States v. Myerson, 18 F.3d 153, 160 (2d Cir. 1994) (upholding the district court's "refus[al] to give a missing witness charge" where the government declined to immunize a witness who had invoke his privilege against self-incrimination); see also id. at 158-59 ("Other

purportedly missing witness who would exculpate him, which is another prerequisite to the proposed instruction.  See United States v. Ebbers, 458 F.3d 110, 124 (2d Cir. 2006) ("[N]one of the three proposed witnesses would have exculpated Ebbers, and the district court did not err in refusing to give a missing witness charge").

---

circuits to consider the issue are unanimous . . . in holding that, despite the government's power to grant immunity, a witness invoking his constitutional rights is unavailable to the government as well as the defense, and no missing witness charge need be given" (collecting cases)).

46

REQUEST NO. 29 — Bias and Hostility (Def. Romanello Only)

*In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger that some government witnesses may have towards the defendant.*

*Evidence that a witness is biased, prejudiced or hostile toward the defendant requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.*

<u>*Citing*</u>*: Sand, Instruction 7-2.*

**Government's Objection:**

The government objects to the proposed instruction as cumulative and misleading. First, the proposed instruction is redundant because the guidance is already captured in the standard instruction regarding Credibility of Witnesses.  <u>See</u> <u>Sterling</u> ("How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the Government or the defendant that might affect how he or she testified. Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth. **Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to**?" (emphasis added)). Second, the proposed instruction improperly suggests that there was evidence of bias and hostility to the jury, which is inappropriate. The Credibility of Witnesses instruction informs the jury with respect to its consideration of credibility of witnesses, including considering possible bias, prejudice or hostility. Therefore, this proposed instruction is superfluous and should not be given to the jury.

47

REQUEST NO. 30 — Interest in Outcome (*if applicable*) (Joint)

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness' interest has affected his or her testimony. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness' interest has affected his or her testimony.

<u>Authority</u>

Adapted from <u>Sterling</u>; Sand, § 7.01, Instruction 7-3.

48

REQUEST NO. 31 — Permissible Inferences Drawn from the Evidence (Gov't Only)

During the trial, you may have heard the attorneys use the term "inference," and in their arguments, they have asked you to infer on the basis of your reason, experience, and common sense from one or more established facts the existence of some other fact.

An inference is not a suspicion or guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.

There are times when different inferences may be drawn from facts whether proved by direct or circumstantial evidence. The government asked you to draw one set of inferences while the defense asks you to draw another. It is for you and you alone to decide what inferences you will draw.

The process of drawing inferences from facts and evidence is not a matter of guesswork and speculation. An inference is a deduction or conclusion that you, the jury, are permitted—but not required—to draw from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

Authority

Adapted from Zhukov; Sterling; Sand, § 6.01, Instruction 6-1.

**Defendant Romanello's Objection:**

*Defendant Romanello instead proposes the following instruction, citing the Jury Charge of the Honorable I. Leo Glasser, United States v. Coffey, et al., No. 04-CR-651 (ILG):*

*If two inferences may reasonably be drawn from the evidence, one consistent with innocence and the other consistent with guilt, you must draw the inference of innocence for the reason that in a criminal case, the prosecution is required to prove guilt beyond a reasonable doubt.*

*Alternatively, Defendant Romanello proposes the below instruction, citing United States v. McConney, 329 F.2d 467, 469 (2d Cir. 1964), and cases cited therein:*

49

*Now, of course, different inferences can be drawn from evidence, whether it is direct or circumstantial. The government, of course, asks you to draw one set of inferences, while the defendant asks you to draw another. It is for you alone to decide what inferences you will draw from the evidence and what facts you find to have been proven. But if two sets of inferences may reasonably be drawn from the evidence - one consistent with innocence and the other consistent with guilt - then you may not convict because I have instructed you that guilt must be proven beyond a reasonable doubt.*

*The burden of proof is upon the government to establish the defendant's guilt. The burden is not upon the defendant to establish his innocence. Thus, if you find as to any charges or charges that the evidence is as consistent with innocence as with guilt, then the defendant must be acquitted on that charge.*

50

REQUEST NO. 32 — Accomplice Testimony (*if applicable*) (Joint)

You have heard a witness who testified that he was actually involved in planning and carrying out the crimes charged in the indictment. There has been a great deal said about this so-called accomplice witness in the summations of counsel and whether or not you believe him.

The government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

For those very reasons, the law allows the use of accomplice testimony. Indeed, it is the law in federal courts that the testimony of an accomplice may be enough in itself for conviction if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that accomplice testimony is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe. I have given you some general considerations on credibility and I will not repeat them all here. Nor, I will repeat all the arguments made on both sides. However, let me say a few things that you may want to consider during your deliberations on the subject of accomplices. You should ask yourself whether this so-called accomplice will benefit more by lying or by telling the truth. Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely, or did he believe that his interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie or was it one that would cause him to tell the truth? Did this motivation color his testimony?

51

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the accomplice witness.

<u>Authority</u>

Adapted from <u>Zhukov</u>; Sand, § 7.01, Instruction 7-5.

REQUEST NO. 33 — Trial Perjury (Def. Romanello Only)

*If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness' testimony concerning other matters. You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.*

<u>Citing</u>: *Third Circuit Model Criminal Jury Instruction 4.26.*

**Government's Objection:**

The government objects to the proposed instruction as it is not recommended by <u>Sand</u> and, in fact, has been rejected by the Second Circuit. "[W]ith the exception of the Third Circuit, none of the published circuit pattern instructions include a falsus in uno instruction. Given this strong trend to refrain from charging the jury on this issue, it is recommended that no instruction be given but rather that a general instruction on credibility be given and that this issue be left to the argument of counsel." Sand, Notes to Instruction 7-17. As Sand also notes, "several circuits," including the Second Circuit, "have rejected [this proposed instruction] as inconsistent with life's experience." Sand, Notes to Instruction 7-17; <u>see</u> <u>also</u> <u>United States v. Weinstein</u>, 452 F.2d 704, 713 (2d Cir. 1971) ("There has never been any positive rule of law which excluded evidence from consideration entirely, on account of the wilful [sic] falsehood of a witness as to some portions of his testimony." (citation omitted)).

53

REQUEST NO. 34 — Prior Perjury (*if applicable*) (Def. Romanello Only)

There has been evidence that a witness who testified at this trial lied under oath at another proceeding.  I must warn you that the testimony of this witness should be viewed cautiously and weighed with great care.  It is, however, for you to decide how much of his testimony, if any, you wish to believe.

Citing: *Sand, Instruction 7-18.*

**Government's Objection:**

The government objects to the proposed instruction as it is cumulative of the Credibility of Witnesses instruction. See United States v. Provenzano, 615 F.2d 37, 46 (2d Cir. 1980) (rejecting challenge to the district court's "asserted failure of the court to charge the jury to examine [a witness's] testimony with special care and caution because he was an informant and perjurer" in part because the district court "did give the standard charge regarding the jury's exclusive function to determine the credibility of witnesses and the weight and value to be given their testimony.").

54

REQUEST NO. 35 — Acts and Declaration of Co-Conspirators (Gov't Only)

Count One against the defendants alleges that each defendant committed the charged crime "together with others." In that regard, I admitted into evidence against each defendant the acts and statements of others because these acts and statements were committed by persons who, the government charges, were also confederates or co-conspirators of the defendants on trial.

The reason for allowing this evidence against the defendants has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a "partnership in crime." Thus, as in other types of partnership, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, and statements of any members of the conspiracy, made in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all the members, and all of the members are responsible for such acts, declarations and statements. You may consider these acts and statements even if they were done and made in the defendant's absence and without his knowledge or if they were made in advance of the defendant joining the conspiracy so long as those statements were reasonably foreseeable as part of the defendant's membership in the conspiracy. As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it.

Authority

Adapted from Zhukov; Sterling.

55

***Defendant Romanello's Objection:***

*Defendant Romanello instead proposes the following instruction, <u>citing</u> Sand, Instruction 19-9:[6]*

*You will recall that I have admitted into evidence against the defendant the acts and statements of others because these acts and statements were committed by persons who, the government charges, were also confederates or co-conspirators of the defendant on trial.*

*The reason for allowing this evidence to be received against defendant has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.*

*Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.*

*If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in the indictment, then any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy, may be considered against the defendant. This is so even if such acts were done and statements were made in the defendant's absence and without his knowledge.*

*However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may be considered by you as evidence only against the member who did or said them.*

---

[6]   The government notes that although Defendant Romanello cites <u>Sand</u>, Instruction 19-9, the proposed instruction is not Instruction 19-9 listed in <u>Sand</u>.

56

<u>CONCLUSION</u>

The parties respectfully request that the Court include the foregoing in its instructions to the jury.  In addition, the government requests the opportunity to submit further instructions or amend those submitted as appropriate.

Dated:　　　　Brooklyn, New York
　　　　　　　November 15, 2023

　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　BREON PEACE
　　　　　　　　　　　　　　　　　United States Attorney
　　　　　　　　　　　　　　　　　Eastern District of New York


　　　　　　　　　　　By:　　 /s/
　　　　　　　　　　　　　　　　　Dana Rehnquist
　　　　　　　　　　　　　　　　　Irisa Chen
　　　　　　　　　　　　　　　　　Rebecca M. Schuman
　　　　　　　　　　　　　　　　　Assistant U.S. Attorneys
　　　　　　　　　　　　　　　　　(718) 254-7000


cc:　　　Clerk of Court (EK) (via ECF and email)
　　　　　Counsel of Record (via ECF and email)


Enclosure (Proposed Verdict Form)

57

# **Exhibit A**

## **ELEMENTS OF CONSPIRACY**

In order to satisfy its burden of proof, the government must establish each of the following four essential elements beyond a reasonable doubt:

First, that two or more persons entered the unlawful agreement charged in the indictment;

Second, that the defendant knowingly and willfully became a member of the conspiracy;

Third, that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the indictment; and

Fourth, that the overt act(s) which you find to have been committed was (were) committed to further some objective of the conspiracy.

---

Instruction 19-3 in Modern Federal Jury Instructions.

28

## CONSPIRACY - EXISTENCE OF AN AGREEMENT

In weighing the evidence on the conspiracy count, your first task as jurors is to decide whether the conspiracy alleged in the indictment in fact existed among the defendant and others.  Of course, if you find that the government failed to prove the existence of the conspiracy alleged in the indictment beyond a reasonable doubt, then you must acquit the defendant on the conspiracy charge.

Conspiracy simply stated, is an agreement or understanding between two or more persons to accomplish by concerted action, a specific criminal or unlawful purpose, or some purpose not in itself illegal but to achieve it through criminal or unlawful means.

The gist of the charge is a criminal agreement, a so-called "partnership in crime."  While it is not necessary to show a formal agreement, the evidence must show beyond a reasonable doubt that the members in some way or manner came to an agreement to try to accomplish a common and unlawful plan. Proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more, they are not enough.

What the government must prove is that there was a mutual understanding,

29

either spoken or unspoken, between two or more people, to cooperate with each other

to commit the crime charged in the indictment. This is essential.

Accordingly, no conspiracy exists unless the co-conspirators are of a single

mind on the law they will violate; if one conspirator contemplates violation of one

statute in aid of this purpose while another conspirator foresees committing a different

offense in furtherance of the scheme, no conspiracy can be said to exist because

sufficient meeting of the minds has not occurred.

---

Adapted from:

Pattern Criminal Jury Instructions of the District Judges Association of the
     Sixth Circuit, Instruction No. 3.02 (1991);
United States v. General Motors Corp., 384 U.S. 127 (1966);
United States v. Rosenblatt, 554 F.2d 36 (2d Cir. 1977);
United States v. Calabro, 467 F.2d 973 (2d Cir. 1972);
United States v. Gallishaw, 428 F.2d 760 (2d Cir. 1970).

30

## CONSPIRACY - MANNER OF PROOF OF ITS EXISTENCE

To establish the existence of a conspiracy, the government must show beyond a reasonable doubt that two or more individuals, expressly or impliedly, came to a common understanding to violate a given law or to accomplish an unlawful plan.

In determining whether there has been an unlawful agreement, you may not infer the existence of the conspiracy charged in the indictment merely from the fact that substantive offenses have been charged and evidence admitted with respect to those substantive charges.

In sum, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way to accomplish by the very means alleged in the indictment the criminal purpose of their agreement, then you may conclude that a conspiracy existed. However, if you do not find that at least two alleged co-conspirators had such an agreement or meeting of the minds, then the government has not proven the existence of a conspiracy beyond a reasonable doubt.

---

Adapted from:

Pinkerton v. United States, 328 U.S. 640 (1946);
United States v. Corr, 543 F.2d 1042 (2d Cir. 1976);
United States v. Sperling, 506 F.2d 1323 (2d Cir.1975).

31

## CONSPIRACY - MEMBERSHIP

If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendant knowingly and voluntarily joined that agreement. To convict the defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough. What the government must prove is that the defendant knew the

32

conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.  This is essential.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose.  But it is up to the government to convince you that such facts and circumstances existed in this particular case.

---

Pattern Criminal Jury Instructions of the District Judges Association of the Sixth Circuit, Instruction No. 3.03 (1991)

33

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -                      <u>VERDICT FORM [PROPOSED]</u>
                                          22-CR-194 (EK)

ANTHONY ROMANELLO,
      also known as "Rom," and
JOSEPH CELSO,
                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## **COUNT ONE**
### (Extortionate Collection of Credit Conspiracy)

As to defendant ANTHONY ROMANELLO:

                         Not Guilty _____      Guilty _____

As to defendant JOSEPH CELSO:

                         Not Guilty _____      Guilty _____

## **COUNT TWO**
### (Extortionate Collection of Credit)

As to defendant ANTHONY ROMANELLO:

                         Not Guilty _____      Guilty _____

As to defendant JOSEPH CELSO:

                         Not Guilty _____      Guilty _____

## **COUNT THREE**
### (Obstruction of Justice)

As to defendant JOSEPH CELSO:

                         Not Guilty _____      Guilty _____