# Gang Land News
## Real Stuff about Organized Crime

capeci@ganglandnews.com
Jerry Capeci

December 16, 2023

The Honorable Eric Komitee
US District Court
225 Cadman Plaza East
Brooklyn, NY 11201

FILED
Dec 16, 2023, 4:37 PM
in the Clerk's Office
U.S. District Court,
EDNY, Brooklyn
Pro Se Office via
Box.com

Clerk's Office
Filed Date: Received on 12/19/23
E.N.E.
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

Re: US v. Romanello et al, 22cr194 (EK)

Dear Judge Komitee,

I respectfully submit this letter for the purpose of intervening in *U.S. v. Romanello et al*, to assert the public's rights under the common law and First Amendment in order to obtain access to government exhibits 11 and 14. They are photos of Fiton Selimaj and Eldar Dervisevic that were introduced into evidence by the government at trial.

I am a news reporter, and have covered federal court proceedings since the mid-1970s, first as a staff reporter for the New York Post, and later for the New York Daily News. Since 1996, I have published a weekly online column about organized crime at www.ganglandnews.com.

A spokesman for the U.S. Attorney's Office has ignored my request for the photos mentioned above and I ask the court to order the government prosecutors to make them available the same way they have made available all the other photos that were introduced into evidence at the trial.

I have written several articles about the indictment of the three defendants in the case since it was unsealed last year, and the conviction of the two defendants at trial is a topic of public interest, and a subject matter related to my ongoing work as a journalist.[1]

This petition is made pursuant to the tenets of the common law and the First Amendment of the Constitution, and all the relevant statutes and judicial precedents that ensure the public's right of access to all judicial documents in criminal prosecutions in the United States. Several courts, including the Second Circuit, have recognized a third-party motion to intervene as a procedurally

---

[1] Notably, the motives of the press and public for seeking access to such records is not relevant or dispositive to whether access should be granted, because the party seeking closure bears the burden of demonstrating that the documents submitted to the court should be sealed. *DiRussa v. Dean Witter Reynolds*, Inc., 121 F.3d 818, 820 (2d Cir. 1997); **United States v. Amodeo**, 71 F.3d 1044 (The motive for seeking access is irrelevant when defining the weight accorded the presumption of access.)

# Gang Land News
**Real Stuff about Organized Crime**

capeci@ganglandnews.com
Jerry Capeci

proper device to protect the public right of access to documents filed in a criminal proceeding.[2] See, e.g., US v. King, 140 F.3d 76, 77 (2d Cir. 1998); US v. Haller, 837 F.2d 84, 85 (2d Cir. 1988); Herald, 734 F.2d at 96. In re Application of Herald Co., 734 F.2d 93, 96 (2d Cir. 1984).

I ask the Court to treat this letter as a *pro se* motion. I also petition this Court to designate me as a party in the case who gets electronic notifications of all filings in the case, as federal judges in this Court, the SDNY and other states have done in cases where the undersigned news reporter has raised substantial first Amendment issues on behalf of the press and the public.

I petition you to instruct the trial prosecutors to inform the spokesman for the U.S. Attorney's office to make those exhibits available to this reporter the same way he and the paralegal have made other trial exhibits available since there is no factual or legal basis to override the public's "presumptive right to inspect and copy public records and documents, including judicial records and documents" of these exhibits. FTC v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 408 (1st Cir. 1987) (quoting Nixon v. Warner Commc'ns, 435 U.S. 589, 597 (1978)).

Ultimately, the First Amendment "guarantees the press and the public a general right of access to court proceedings and court documents unless there are compelling reasons demonstrating why it cannot be observed." Washington Post v. Robinson, 935 F.2d 282, 287-88 (D.C. Cir. 1991); See also In re New York Times Co., 828 F.2d, 110,114 (2d Cir. 1987) ("where the first amendment provides a right of access, continued, sealing of documents may be justified only with specific, on-the record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim.")

There has been no showing of any reason why exhibits 11 and 14 should not be made available to the undersigned representative of the public because keeping them effectively sealed is not "necessitated by a compelling United States interest."

Indeed, the opposite is true. On December 6, Fiton Selimaj testified he was "never threatened" by anyone in connection with the case.

---

[2] In addition to the common law right of access, courts have also found the First Amendment to the United States Constitution to presume a right of the public to inspect and copy judicial records and documents. *See Nixon v. Warner,* 435 U.S. 589, 597 (1978); *Va. Dep't of State Police v. Wash. Post,* 386 F.3d 567, 575 (4th Cir. 2004); *Stone v. Univ. of Md. Med. Sys. Corp.,* 855 F.2d 178, 180 (4th Cir. 1988). Notably, the First Amendment's guarantee of that right is much stronger than the guarantee provided by the common law. *Wash. Post,* 386 F.3d at 575; *see also Press-Enter. Co. v. Super. Ct. of Cal. for the County of Riverside,* 478 U.S. 1, 15 (1986); *Stone,* 855 F.2d at 180.

# Gang Land News
**Real Stuff about Organized Crime**

capeci@ganglandnews.com
Jerry Capeci

For all the above reasons, as well as any others the Court may deem relevant and appropriate, I respectfully petition your Honor to order the government to make exhibits 11 and 14 available to the undersigned reporter, as well as any others who may seek them in the future.

In addition, as I have stated in several emails to your courtroom deputy, under the common law and First Amendment of the Constitution, I seek the notes that jurors who did not reach a verdict, as well as the second jury that rendered its verdict on Monday, December 11, sent out during their deliberations that were marked as court exhibits. The government spokesman declined to provide them, and instructed me to seek them from the Court.

Lastly, as I also asked your courtroom deputy, I request a copy of one of the transcripts that was given to the jurors as an aide in listening to a tape recorded conversation. It is the transcript of the one tape-recorded conversation in which two members of the gambling ring are heard stating they weren't the enforcers for the illegal gambling ring.

Since the transcripts were given to the jurors, I see no legal or common sense reason why they should be withheld from the undersigned reporter who is a representative of the public.

I thank the Court for its time and consideration in this important matter. Most respectfully, I petition your Honor to order the government to provide the public the above requested evidence and helpful material that was used by the jurors as is required by the provisions of the common law and First Amendment of the Constitution.

Sincerely,

Jerry Capeci
cc AUSAs Dana Rehnquist, Irisa Chen, Rebecca Schuman