UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

UNITED STATES OF AMERICA,                :

        -against-                                  :         22 Cr. 194 (EK)

ANTHONY ROMANELLO,                       :

        Defendant.                                  :

-----------------------------------------------------------------x

## SENTENCING MEMORANDUM ON BEHALF OF DEFENDANT ANTHONY ROMANELLO

Gerald J. McMahon, Esq.
*Attorney for Defendant Anthony Romanello*
11 Burnham Court
Scotch Plains, New Jersey 07076
(908) 347-4670
gm@geraldjmcmahon.com

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT..................................................................................1

STATEMENT OF FACTS.........................................................................................1

    A.    Personal Background...................................................................................1

    B.    Physical Condition........................................................................................3

    C.    Mental and Emotional Health.......................................................................3

    D.    Education & Vocational Training..................................................................4

    E.    Employment..................................................................................................4

    F.    Military Service............................................................................................4

    G.    The Offense Conduct...................................................................................4

    H.    Objections to Presentence Report.................................................................5

ARGUMENT..............................................................................................................5

    A..    Summary of Argument................................................................................5

    B.    The Applicable Legal Principles..................................................................6

    C.    The Applicable Guidelines Range................................................................8

    D.    Departures from Applicable Guidelines Range...........................................8

    D.    A Non-Guidelines Sentence of Time Served Is Appropriate......................9

CONCLUSION.........................................................................................................11

## PRELIMINARY STATEMENT

Defendant Anthony Romanello stands before this Court as a eighty-six (86) year-old man, having been convicted by a jury of extortionate collection of credit conspiracy (Count One) and extortionate collection of credit (Count Two). This Court is charged with imposing a sentence that is "sufficient, but not greater than necessary, to fulfill the purposes of sentencing." See *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008), cert. denied, 556 U.S. 1268 (2009) (quoting 18 U.S.C. § 3553(a)). For the reasons set forth more fully hereafter, ncluding his age and most particularly his extraordinarily-close relationship with the seventeen (17) members of his immediate family, we respectfully submit that the Court should impose a sentence of time served.

## STATEMENT OF FACTS

### A. Personal Background

Anthony Romanello ("defendant" or "Romanello") was born Antonio John Romanello on November 4, 1937 in Queens, New York, the youngest of three children of Gerardo Romanello and Michelina *(nee* Del Percia) Romanello. Defendant's father died of heart failure at the age of 84 in 1982. Prior to his death, he had worked for the New York City Department of Highways. Defendant's mother, a homemaker, passed away in 2008, at the age of 96, from age-related ailments. Romanello had a close relationship with his parents throughout their lives. (PSR: 86).

Defendant had two siblings: Nicholas Romanello, who died at age 89 last year of a stroke. He was a retired New York City Sanitation worker. His sister, Rose Migliore, a housewife, passed away in 2010 at the age of 74. (PSR: 87).

Romanello was raised in a lower-to-middle income household in the Corona section of Queens. His father always worked to provide the family with the basic necessities. Defendant remained in the parental home until age 27, and he has always resided in New York State except for a three year period (1953 to 1956) when he served overseas in the United States Army. (PSR: 88-89).

On August 18, 1963, Romanello married Anne (*nee* Pannullo) Romanello. She died in 2013 of lung cancer. She had worked as an executive secretary for a company that conducted medical examinations, but retired and received disability benefits because of a back injury. (PSR: 90). In an interview for a prior presentence report, Anne Romanello described her husband as a "great father and husband, and an excellent grandfather." (PSR: 91).

Anthony and Anne Romanello had three children: Darlene Romanello (age 59), recovered from breast cancer in 2014 and owns a dry cleaners. She is divorced and has two adult children and grandchildren, and resides in the same home as her father. She told Probation that she divorced her husband "because he was a drug addict and a crook [who] spent a lot of time in prison." (PSR: 92). Daughter Doreen Romanello (age 58), an expediter for a military spare parts company, resides in Charleston, South Carolina. She is divorced (under extremely difficult circumstances) and has two adult children. George Romanello (age 55) works for the New York City Sanitation Department and lives in Franklin Square, near his father. He is married and has four adult children. (PSR: 92).

Defendant told Probation that "he has always maintained excellent relationships with his children, grandchildren, and great grandchildren..." (PSR: 92), and interviews with them and

2

letters from them (submitted under separate cover) confirm that fact.

Daughter Darlene described her father as a "kind-hearted" and "giving" person. She acknowledged his role in the instant offense but felt it was "reactionary to rude and derogatory statements made by John Doe One." (PSR: 93). Daughter Doreen provided Probation with a letter from a Licensed Clinical Social Worker who wrote that, in her professional opinion,

> ...the well-being of [Doreen's] children has been directly influenced by their close relationship with the defendant, who was a guiding force and supportive father-figure in their lives. Since Doreen Romanello was forced to work to support the children after her separation from their father, the children spent many hours each day with their grandparents and developed a close bond that provided a sense of security as well as a source of support that counteracted the negative impact of [their father's conduct"].

(PSR: 94).

### B. Physical Condition

Anthony Romanello suffers from kidney problems, heart problems including high blood pressure, and vertigo. For the past 30 years, he's suffered from chronic Hepatitis C. Romanello has lost all hearing in his right ear and nearly all hearing in his left ear from being too close to a gun blast while in the Army. As such, he is legally deaf in both ears. At MDC, he is prescribed aspirin, blood pressure pills, and a pill to treat his vertigo. (PSR: 99-109).

### C. Mental and Emotional Health

Defendant suffered an episode of anxiety in 2023 and sought care from his primary physician. He was prescribed medication and, after taking it for some time, he stopped feeling anxiety. Defendant's daughter, Darlene, reported that he may be experiencing dementia, as did his mother and brother. (PSR: 110, 113).

3

### D. Education & Vocational Training

Defendant attended school through the 11th grade at Newtown High School in Queens. He stopped attending school in 1953 at age 16 because he needed to work. He earned a GED diploma while in the military in the 1950s. (PSR: 115-116).

### E. Employment

Over the years, Romanello has worked as a truck driver for a liquor company, and in construction as a laborer. While employed, he filed his income tax returns on a regular basis. Since 2002, defendant has been retired and spends most of his time caring for his grandchildren.

Mr. Romanello receives $899 per month in Social Security benefits and $755.28 each month from the United States Department of Veterans Affairs as a disability pension. His daughter, Darlene, also provides financial support. (PSR: 118-120).

### F. Military Service

Probation verified that defendant served in the United States Army from January 7, 1953 to December 12, 1956. He was assigned to Company B, 37th Tank Battalion, Fourth Armored Division, and received a Good Conduct medal while serving in Germany. He was honorably discharged with an Airman First Class rank. (PSR: 121).

### G. The Offense Conduct

Defendant was found by the jury to have participated in the threatened or actual use of force to collect a debt, and in conspiring to do the same.

4

### H. Objections to Presentence Report

The draft presentence report, dated February 22, 2024, found the total offense level to be 24 (PSR: 62) and the Criminal History Category to be II (PSR: 75), yielding a Guidelines imprisonment range of 57-71 months (PSR: 132).

On March 17, 2024, the defense submitted a letter to Probation (a copy is appended hereto as Exhibit A) objecting to several of the factual assertions and calculations in the PSR. Specifically, defendant denied that he was paid a monthly protection fee by Michael Regan or that he was yelling or screaming at Bruno Selimaj in the bar on May 11, 2017. Romanello also challenged the 4-level enhancement for role in the offense since there were not five or more participants in the crimes of conviction. Without that enhancement, the correct total offense level is 20, which, with a Criminal History Category of II, yields a Guidelines imprisonment range of 37-46 months.

### ARGUMENT

### A. Summary of Argument

Defendant's trial encompassed only three days of trial testimony (11/29/23, 11/30/23, 12/6/23), which was followed by three full days of jury deliberations (12/7/23, 12/8/23, 12/11/23). This Court is now presented with the task of imposing a sentence that gives fair weight to the history and characteristics of the defendant and the nature of the offense, while being sufficient but not greater than necessary to serve the statutory purposes of federal sentencing.

While the advisory Guidelines range calls for a term of imprisonment, we submit that

5

there are applicable and appropriate departures which mitigate that prospective sentence. In any event, if a sufficient downward departure to impose a non-custodial sentence is not justified, this Court should impose a non-Guidelines sentence.

### B. The Applicable Legal Principles

In *United States v. Booker,* 543 U.S. 220 (2005) the Supreme Court rendered the Sentencing Guidelines "effectively advisory". *Booker*, 543 U.S. at 245. Post-*Booker*, as the Second Circuit observed, [i]t is now ... emphatically clear that the Guidelines are guidelines – that is, they are truly advisory." *Cavera,* 550 F.3d at 189.

As a procedural matter, district courts "must treat the Guidelines as the starting point and the initial benchmark" in calculating a sentence. *Kimbrough v. United States*, 552 U.S. 85, 108 (2007) (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007)). However, sentencing courts may not presume that a Guidelines sentence is reasonable. See *Nelson v. United States*, 129 S.Ct. 890, 891-92 (2009) ("The Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable" [emphasis in original]); see also *Cavera,* 550 F.3d at 189 ("district court may not presume that a Guidelines sentence is reasonable").

*Gall, Kimbrough* and *Nelson* have effectively restored the district courts' broad sentencing discretion by permitting them to impose a sentence after considering all the § 3553(a) factors, with the Guidelines being only one such consideration. *United States v. Jones*, 531 F.3d 163, 173-74 (2d Cir. 2008). Adhering to *Booker* and *Jones,* section 3553(a) requires this Court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in" § 3553(a)(2). 18 U.S.C. §3553(a). Section 3553(a)(2), in turn, requires this Court to

6

consider:

> the need for the sentence imposed–
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)(2). Additionally, § 3553(a) obligates this Court to consider: "the nature and circumstances of the offense, and the history and characteristics of the defendant;" "the kinds of sentences available;" "the kinds of sentence and the sentencing range established for ... the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ... issued by the Sentencing Commission;" "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and "the need to provide restitution to any victims of the offense." *Id.* § 3553(a)(1), (a)(3) - (a)(7).

One district judge has carefully explained how sentencing operates under the post-*Booker* regime: "[s]entencing will be harder now than it was a few months ago. District courts cannot just add up figures and pick a number within a narrow range. Rather, they must consider all of the applicable factors, listen carefully to defense and government counsel, and sentence the person before them as an individual. *Booker* is not as an invitation to do business as usual." *United States v. Ranum*, 353 F. Supp.2d 984, 987 (E.D. Wis. 2005).

### C. The Applicable Guidelines Range

All parties agree that the base offense level for defendant's crimes of conviction is 20. Probation believes that there should be a 4-level enhancement under USSG § 3B1.1(a) for role in the offense, to wit: that defendant was a leader of criminal activity that involved five or more participants. Romanello disputes the applicability of that 4-level role enhancement.

A person may be counted as a "participant" in criminal activity under § 3B1.1 only if that person would be independently criminally responsible for the commission of the offense. See § 3B1.1, cmt. 1; *United States v. Carrozzella*, 105 F.3d 796, 802 (2d Cir. 1997). If the Court imposes an enhancement under § 3B1.1, it must make specific, record findings as to the identities of the "participants" to be counted. See *United States v. Ware*, 577 F.3d 442, 453-54 (2d Cir. 1999); *United States v. Lanese*, 890 F.2d 1284, 1294 (2d Cir. 1989). Critically, as the language of § 3B1.1 itself makes clear, all five participants must have been involved in <u>the same criminal activity</u> in order for the enhancement to apply. See § 3B1.1 (referring to "*a* criminal activity that involved five or more criminal participants") (emphasis added). In our case there were not five participants in the alleged extortion of Bruno Selimaj. Thus, the 4-level enhancement is not warranted and the total offense level is 20.

### D. Departures from Applicable Guidelines Range

District courts may depart from the otherwise applicable Guidelines range where "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines that should result in a sentence different from that described." U.S.S.G. § 5K2.0 (quoting 18 U.S.C.

8

§ 3553(b)).

### 1. Age and Health Departure

As a result of amendments in 2010, age and health are becoming increasing relevant sentencing factors:

> Age ... may be relevant in determining whether a departure is warranted, if considerations based on age ... are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines. Age may be a reason to depart downward in a case in which the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration.

U.S.S.G. § 5H1.1 (emphasis added). In previous submissions, we have documented that Mr. Romanello may very well be the single oldest inmate in the entire Federal prison system. And his medical conditions (kidney and heart problems; legally deaf), while not life threatening, put him in a very precarious position to endure a jail term. See e.g., *United States v. Rioux*, 97 F.3d 648, 663 (2d Cir. 1996) (affirming 10-level departure and non-custodial sentence based in part on defendant's physical condition); *United States v. Barbato*, 00 Cr. 1028, 2002 U.S. Dist. LEXIS 22203, 2002 WL 31556376 (S.D.N.Y. November 13, 2002 (7-level downward departure and non-custodial sentence for 81 year old defendant suffering from heart disease and hypertension and taking several medications a day to address the symptoms of a prior mini-stroke); *United States v. Martin*, 363 F.3d 25 (1st Cir. 2004) (downward departure appropriate where several serious medical conditions made defendant's health exceptionally fragile, and where there was a high probability that incarceration would shorten the defendant's life span).

## 2. Stressful Pretrial Detention

At the bail hearing on December 12, 2003, this Court recognized that "Mr. Romanello's advanced age will make his early incarceration post-remand perhaps a bit more difficult than it would be otherwise." 12/12/23 Transcript at 26. Defendant's physical appearance during court proceedings on March 4, 2024 and April 15, 2024 confirms that he is deteriorating rapidly. That reality should lead this Court to downwardly depart and impose a non-custodial sentence. See *United States v. Speed Joyeros*, 204 F. Supp. 2d 412, 441 (E.D.N.Y. 2002) ("A court may depart if the defendant has suffered from unusual stress due to a lengthy or particularly stressful [pretrial] detention"); *United States v. Ekwunoh*, 888 F. Supp. 369, 373-74 (E.D.N.Y. 1994) (finding that the negative effects of pre-sentence incarceration warrant a downward departure).

### E. A Non-Guidelines Sentence of Time Served Is Appropriate

Several of the § 3553(a) factors make it clear that a non-custodial sentence is appropriate here:

1. The <u>nature of the offense</u>: whether wholly or just partially caused by the insults hurled at defendant by Bruno Selimaj, the one-punch assault was so *de minimis* that it would not even have been prosecuted as a crime in state court; the earlier, verbal attempts to collect the gambling debt were not, we maintain, unlawful, and they certainly were not violent;

2. The <u>history of the defendant</u>: although he has a criminal record, defendant's last arrest before this case was more than a decade before; virtually all of his criminal history revolves around gambling;

3. The <u>kinds of sentences available</u>: strict conditions of home confinement

could effectively address any concerns about the seriousness of Mr. Romanello's crimes and the need to provide just punishment for the underlying offenses; in considering whether to impose an additional period of imprisonment, the Court should also be mindful that it costs taxpayers $49,700 (not including special medical costs) per year to incarcerate a defendant (PSR: 141).

## CONCLUSION

For all the foregoing reasons, we respectfully request that the Court sentence defendant Anthony Romanello to time served or to a period of home incarceration.

Dated: Scotch Plains, New Jersey
April 22, 2024

_/s/ Gerald J. McMahon_
Gerald J. McMahon, Esq.
*Attorney for Defendant Anthony Romanello*
11 Burnham Court
Scotch Plains, New Jersey 07076
(908) 347-4670
gm@geraldjmcmahon.com

To:   All Counsel
          (By ECF)

# Exhibit A

# GERALD J. MCMAHON
### ATTORNEY AT LAW

www.geraldjmcmahon.com
gm@geraldjmcmahon.com

11 BURNHAM COURT
SCOTCH PLAINS, NJ 07076
(908) 347-4670

375 GREENWICH STREET
NEW YORK, NY 10013
(212) 965-4259

March 17, 2024

By Email

Frank Thomas Nikolaidis
Senior United States Probation Officer
Brooklyn, New York 11201

   Re: <u>United States v. Anthony Romanello</u>
    22 Cr. 194 (EK)

Dear Officer Nikolaidis:

  On behalf of defendant Anthony Romanello ("defendant"), and pursuant to Fed. R. Crim. P. 32(f)(1), I submit the following corrections to the draft Presentence Report ("PSR") dated February 22, 2024:

¶ 9 Defendant denies that he routinely collected outstanding gambling debts for Michael Regan's gambling organization, or that he was "paid a monthly protection fee by Regan".

¶ 20 Defendant denies yelling at or telling Bruno Selimaj that "Tough Tony would pay him a visit".

¶ 21 Defendant denies screaming and yelling at Bruno Selimaj in a private room.

¶ 22 Defendant denies yelling and screaming in the bar area.

¶¶ 30-32 The PSR's failure to recite that complainant Bruno Selimaj is a member of the Albanian Mafia is a material and significant omission.

¶ 33 Defendant played no role in any efforts by Abduraman Iseni to influence Bruno Selimaj. <u>See</u> ¶ 41.

¶ 40 Defendant was not an enforcer in an illegal gambling scheme, and his "entourage" consisted primarily of his son (since Romanello could not drive at night) and Regan,

## GERALD J. MCMAHON

S.U.S.P.O. Frank Thomas Nikolaidis  
March 17, 2024  
Page Two

        who was owed the gambling debt which was the subject of this indictment.

¶ 47    You recite Bexheti's admissions concerning his involvement in the instant offense but omit his **statements that Romanello was not involved in Regan's gambling ring.**

¶ 57    Romanello's criminal activity did not involve 5 or more participants so the 4-level enhancement is not warranted.

¶ 59    The adjusted offense level is 20.

¶ 62    The total offense level is 20.

¶ 132    Based on a total offense level of 20, and a criminal history category of II, the guideline imprisonment range is 37-46 months.

Very truly yours,

Gerald J. McMahon

GJM:dlg  
cc: Government Counsel  
      Co-Defense Counsel  
          (by email)